Michael J. Feldman, Esq. (MF 7889)
OLENDERFELDMAN LLP
422 Morris Avenue
Summit, New Jersey 07901
908-964-2485
mfeldman@olenderfeldman.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROPELLER INDUSTRIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PROPELLER MEDIA LLC, AND AARON PRICE,<br><br>Defendants. | Action No.<br><br><br><br>**COMPLAINT** |

Plaintiff Propeller Industries LLC ("Propeller" or "Plaintiff") by and through its counsel, OlenderFeldman LLP, for its complaint against Propeller Media LLC ("Propeller Media") and its owner, Aaron Price ("Price") (Propeller Media and Price collectively, "Defendants"), says:

## NATURE OF THE ACTION

1.      This is an action for (1) trademark infringement under the Lanham Act; (2) unfair competition under 15 U.S.C. § 1125(a); (3) false designation of origin under 15 U.S.C. § 1125(a); (4) unfair competition under New Jersey common law; and (5) tortious interference with prospective economic advantage under New Jersey common law, all arising from Defendants' improper use of Propeller's trademark and goodwill.  Such acts have injured the goodwill and reputation of Propeller, and has damaged its business, and unless restrained, will continue to damage Propeller and its trademark rights and goodwill.

1

## JURISDICTION AND VENUE

2. This is an action in which Propeller seeks declaratory, pecuniary and injunctive relief from acts of the Defendants, as set forth herein, arising under the trademark and unfair competition laws of the United States, including 15 U.S.C. §§ 1114(1) and 1125(a) and the unfair competition and tortious interference laws of the State of New Jersey.

3. The claims alleged in this Complaint arise in the State and District of New Jersey.

4. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a), as this action arises under the Lanham Act (15 U.S.C. § 1051, et seq.).

5. This Court has jurisdiction over Propeller's state law claims pursuant to 28 U.S.C. § 1338(b), as well as pendent jurisdiction over those claims.

6. This Court has supplemental jurisdiction over Propeller's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 1391, as Defendants conduct business in this District, and have engaged in other actionable activities as set forth herein within this District, and Defendants and their business is located within this District.

8. Defendants are now, and at all relevant times, have been subject to personal jurisdiction in the State of New Jersey and this District.

## PARTIES

9. Propeller is a California Limited Liability Company with offices located at 68 Jay St, Suite 609, Brooklyn, NY 11201, with additional offices in San Francisco, California, and Ketchum, Idaho.

10. Propeller Media is, upon information and belief, a New Jersey Limited Liability Company with offices located at 812 Grand Street, #219, Hoboken, New Jersey 07030.

11. Price is an individual who, upon information and belief, is the sole owner of Propeller Media and resides at 812 Grand Street, #219, Hoboken, New Jersey 07030.

## BACKGROUND

12. Propeller is in the business of providing outsourced accounting and finance consulting services, providing expertise at all levels, from bookkeeper and controller, to Chief Financial Officer.

13. Propeller's business specifically targets entrepreneurs, early-stage companies and start-ups.

14. Propeller is also the owner of the "Propeller Industries" trademark (Reg. No. 4055102) (the "Propeller Mark"), which it uses in connection with its business in New Jersey and throughout the United States.

15. Propeller is also the owner of common-law trademark rights under Federal and New Jersey statutory and common law by virtue of continuous use of the Propeller Mark in commerce since April 2008.

16. Propeller has expended significant funds and time promoting and developing good will in the Propeller Mark.

## DEFENDANTS' WRONGFUL CONDUCT

17. Defendants own and operate a business which promotes and runs conferences and/or events targeted specifically for entrepreneurs, early-stage companies and start-ups in the "northeast" according to its website located at www.propellerfest.com (the "Infringing Website").

18. Defendants promote their business and the Infringing Website using the name "Propeller" and effectively, the Propeller Mark.

19. As evidenced by instances of actual confusion, and because Defendants, their business and the Infringing Website all use the Propeller Mark and name, it is extremely likely that the customer base for Propeller and Defendants – which is nearly identical – will continue to confuse Defendants' business and its Infringing Website with Propeller and the Propeller Mark.

20. Defendants knew or should have known of Propeller and the Propeller Mark when they commenced infringement of the Propeller Mark in connection with Defendants' business. Defendants also knew of Propeller and the Propeller Mark once Plaintiff explicitly advised Defendants of same – after which Defendants continued their infringement.

21. Upon information and belief, Defendants may have chosen to use the name "Propeller" and infringe upon the Propeller Mark to confuse and deceive customers and potential customers that their goods and services were associated with, approved by, or sponsored by Propeller – particularly because the customer base and potential customer base is the same.

22. Upon information and belief, such deception and confusion was intentional and designed by Defendants to trade off of and capitalize on Propeller's goodwill and reputation from day one, and if not from day one, certainly after Defendants were explicitly advised of their infringement and of the Propeller Mark.

23. When Propeller learned of Defendants' infringement and instances of actual confusion between Defendants' business and its Infringing Website with Propeller and the Propeller Mark, by way of letter dated May 17, 2016, Plaintiff promptly contacted Defendants and informed

of the actual confusion and likely confusion, and of Plaintiff's ownership of the Propeller Mark which was being infringed by Defendants. A true and correct copy of this letter is set forth as EXHIBIT A hereof.

24. Propeller's May 17 letter demanded that Defendants take certain specific and enumerated action to make clear on the Infringing Website that Defendants' business was not in any way associated with Propeller or the Propeller Mark.

25. As of the date hereof, Defendants has failed and refused to take any or all of the corrective action demanded in the May 17 letter to avoid consumer confusion. Instead, and notwithstanding its clear knowledge of Plaintiff's ownership of the Propeller Mark, the applicability of trademark law thereto, and of Defendants' infringement of the Propeller Mark, Defendants have continued to confuse and mislead the consuming public as to the source of its goods and services, and indeed, even contacted Plaintiff's clients and prospective clients.

26. Propeller's May 17 letter also demanded that Defendants cease use of the Propeller Mark.

27. As of the date hereof, Defendants have failed and refused to cease using the Propeller Mark in connection with Defendants' business. Instead, Defendants have continued to confuse and mislead the consuming public as to the source of its goods and services.

**FIRST CLAIM FOR RELIEF**

**Infringement Of Registered Trademarks In Violation Of 15 U.S.C. § 1114(1)**

28. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

29. Defendants' use of the Propeller Mark and name is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of defendants' goods, services, or commercial activities, in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

30. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

31. Defendants intend to continue using the Propeller Mark and name in connection with upcoming events and promotions, thus further confusing the consuming public.

32. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff's business and Plaintiff's goodwill in the Propeller Mark.

33. Upon information and belief, Defendants' conduct, including their continuing infringement after notice, constitutes willful and malicious infringement of the Propeller Mark and name under 15 U.S.C. § 1114, thus rendering the present case as an "exceptional" case as that term is employed in 15 U.S.C. § 1117.

34. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement In Violation Of 15 U.S.C. § 1125(a)

35. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

36. Defendants' use of the Propeller Mark and name is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of defendants' goods, services, or commercial activities, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

37. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

38. Defendants intend to continue using the Propeller Mark and name in connection with upcoming events and promotions, thus further confusing the consuming public.

39. The aforesaid infringement by Defendants has caused, and unless restrained by this

Court will continue to cause, immediate and irreparable injury to Plaintiff's business and Plaintiff's goodwill in the Propeller Mark.

40. Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### Unfair Competition In Violation Of 15 U.S.C. § 1125(a)

41. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

42. Defendants' use of the Propeller Mark and name constitutes unfair competition, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

43. The aforesaid unfair competition by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

44. The aforesaid unfair competition by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff's business and Plaintiff's goodwill in the Propeller Mark.

45. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Common-Law Unfair Competition

46. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

47. The aforesaid acts of Defendants constitute unfair competition and unfair business practices contrary to the common laws of the United States and the State of New Jersey.

48. The aforesaid acts of Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

49. The aforesaid acts of Defendants have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff's business and Plaintiff's goodwill in the Propeller Mark.

50. Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Unfair Competition Under N.J.S.A. §§ 56:4-1, et seq.

51. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

52. Defendants' unauthorized use of the Propeller Mark and name in advertising constitutes acts of unfair competition through Defendants' appropriation for their own use of the name, brand, trademark, reputation, and goodwill of Plaintiff in violation of N.J.S.A. §§56:4-1 et seq.

53. The aforesaid acts of Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

54. The aforesaid acts of Defendants have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff's business and Plaintiff's goodwill in the Propeller Mark.

55. Plaintiff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### Deceptive Acts And Practices In Violation Of The <u>Common Law Of The State Of New Jersey</u>

56. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

57. Defendants' unauthorized use of the Propeller Mark and name in advertising constitutes deceptive trade practice in violation of the common law of the State of New Jersey.

58. The aforesaid acts of Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

59. The aforesaid acts of Defendants have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff's business and Plaintiff's goodwill in the Propeller Mark.

60. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Propeller Industries LLC, demands judgment against Defendants, jointly and severally, as follows:

A. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from:

    1. using, reproducing, advertising, or promoting in connection with any product or service the Propeller Mark or name or any name or mark confusingly similar therewith;

    2. using, reproducing, advertising or promoting any slogan, mark, or name that may be calculated to represent or that has the effect of representing that the products

or services of defendants or any other person are sponsored by, authorized by, or in some way associated with Plaintiff;

    3.  injuring the commercial reputation, renown, and goodwill of Plaintiff or the Propeller Mark;

    4.  using or reproducing any word, term, name, or symbol, or any combination thereof, on any product or in connection with any service that confuses or falsely represents or misleads, is calculated to confuse, falsely represent, or mislead, or that has the effect of confusing, falsely representing, or misleading, that the products, services, or activities of Defendants or another are in some way connected with Plaintiff, or is sponsored, approved, or licensed by Plaintiff;

    5.  unfairly competing with Plaintiff in any way whatsoever; and

    6.  causing a likelihood of confusion with respect to Plaintiff or any injury to the business reputation of Plaintiff;

B.    An award of damages to Plaintiff under the Lanham Act, and in particular pursuant to 15 U.S.C. § 1117(a), of three times the damages suffered by Plaintiff and three times the profits earned by any and all of the Defendants;

C.    An award to Plaintiff of compensatory, consequential, and/or incidental damages;

D.    An award to Plaintiff of treble, exemplary, and/or punitive damages;

E.    An award to Plaintiff of its reasonable attorney fees and the costs of this action;

F.    Prejudgment and post-judgment interest on the above monetary awards; and

G.    Such other and further relief as this Court deems equitable and just.

Respectfully submitted,
OLENDERFELDMAN LLP
Attorneys for Plaintiff,
Propeller Industries LLC

Dated: August 11, 2016    By: _____/S/_____
MICHAEL J. FELDMAN

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Respectfully submitted,
OLENDERFELDMAN LLP
Attorneys for Plaintiff
Propeller Industries LLC

Dated: August 11, 2016    By: _____/S/_____
MICHAEL J. FELDMAN